# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | |
|---|---|
| DAR THOMPSON, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: |
| ) | |
| vs. ) | _____ |
| ) | |
| JOHN DOES 1-5, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, DAR THOMPSON ("Plaintiff"), files this his Complaint and Request for Preliminary and Permanent Injunction against Defendants and alleges as follows:

## PARTIES

1.

Plaintiff is an individual who is a resident of the State of Georgia, with his domicile Peachtree City, Georgia.

2.

Plaintiff is informed and believes that Defendants JOHN DOES 1-10 are (a) at least one individual currently unknown to Plaintiff (the "Domain Name Holder")

and (b) individuals who are employees or volunteers for the other Defendant and are conscious, dominant and active forces behind the wrongful acts of the Domain Name Holder, which wrongful acts they have engaged in for the benefit of the latter and for their own individual gain and benefit.

3.

## JURISDICTION AND VENUE

4.

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.

5.

Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 because:

a. The claims arise in the Northern District of Georgia under 28 U.S.C. §§ 1391(b)(2) and 1391(c); and

b. Upon information and belief, Defendants are domiciled in Peachtree City, Fayette County, Georgia.

## FACTUAL ALLEGATIONS

6.

Plaintiff is a candidate for the office of Mayor of Peachtree City, Georgia.

7.

As part of his campaign strategy, Plaintiff and his advisors had narrowed the choices for domain names to 1) darforptc.com; 2) darforptc.org; 3) dar4ptc.com; and dar4ptc.org.

8.

When these domain names were being considered, all of these names were determined to be available.

9.

Plaintiff ultimately decided to use dar4ptc.com for his domain name because it included his name and a common acronym for Peachtree City, Georgia.

10.

When Plaintiff attempted to purchase dar4ptc.com, his campaign was informed that all four of the final domain names had been purchased.

11.

Upon information and belief, a member of the campaign leaked the possible names to a political rival.

12.

Plaintiff possesses all rights, title and interest in and to his name of Dar.

13.

The web address dar4ptc.com is distinct in that it contains Plaintiff's first name and a political message.

14.

No one has ever used the domain name dar4ptc.com for a legitimate purpose.

15.

Plaintiff made an offer to purchase the domain name for $200 through GoDaddy.com in or around October 1, 2017.

16.

The domain name holder rejected the offer to sell and made a counteroffer to sell the domain name for $10,000.

17.

Plaintiff is informed and believes that Defendants have used GoDaddy.com, LLC for the registration of the dar4ptc.com domain name in an attempt to conceal their identity.

18.

Plaintiff is informed and believes that GoDaddy.com, LLC is in possession of Defendants' true identities and contact information.

19.

Plaintiff must conduct preliminary discovery on GoDaddy.com, LLC in order to discover Defendants' true identities.

20.

Defendants' aforementioned unlawful acts have caused, and will continue to cause irreparable harm to Plaintiff and said acts damage will continue to damage Plaintiff unless restrained by this Court.

21.

Plaintiff has no adequate remedy at law.

## COUNT I

## CYBERSQUATTING

## 15 U.S.C. 1125(d)

22.

Plaintiff incorporates by reference the allegations in Paragraphs 1-21 above as if set forth verbatim herein.

23.

Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the Internet domain name dar4ptc.com by attempting to sell the domain name to Plaintiff for $10,000.

24.

The domain name dar4ptc.com has never been used for any legitimate purpose.

25.

Plaintiff has been damaged by Defendants' unlawful attempt to profit from the use of Plaintiff's name within the domain name dar4ptc.com and will suffer irreparable harm.

26.

Defendants' acts, as aforesaid, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

WHEREFORE, PLAINTIFF prays that the Court issue an Order:

A. Ordering the domain name holder to relinquish all rights in the Internet domain name dar4ptc.com; and directing GoDaddy.com, LLC or any other party in position to do so, to transfer the internet domain name to Plaintiff;

B. Awarding Plaintiff a monetary judgment against Defendants for the maximum damages allowable pursuant to 15 U.S.C. § 1125;

C. Award Plaintiff his attorney's fees and costs.

D. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted this 11th day of October, 2017.

                              Respectfully submitted,

                              <u>/s Scott D. Bennett, Esq.</u>
                              Georgia State Bar No. 050607
                              Attorney for Plaintiff
                              Bennett Law, P.C.
                              390 Racetrack Road
                              McDonough, GA  30252
                              678-994-1515
                              Email: scott@bennettlawpc.com