UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DAR THOMPSON,<br>    Plaintiff,<br><br>v.<br><br>JOHN DOES 1-5,<br>    Defendant. | CIVIL ACTION NO.<br><br>3:17-cv-00146-TCB |

**MOTION FOR EXTENSION OF TIME TO FILE MOTION TO QUASH SUBPOENA**

COMES NOW, undersigned attorney for John Doe Defendants in the above-styled action, to respectfully move this Court for an extension of time to seek to quash the subpoena issued by Plaintiff to third party witness, GoDaddy.com, LLC ("GoDaddy") in the instant matter. In support of this motion, Defendants respectfully show as follows:

1.

On October 11, 2017, Plaintiff initiated this action as a single count complaint alleging cybersquatting in violation of 15 U.S.C. 1125(d) based on the registration of Internet domain name www.dar4ptc.com (the "Domain Name").

2.

On October 20, 2017, Plaintiff issued a third party subpoena purporting to comply with Fed. R. Civ. P. ("FRCP") 45 to GoDaddy, the Domain Name's registrar, seeking "any and all documents in your possession related to the [Domain Name], including, but not limited to, documents of ownership, registration, billing records, offers to purchase and offers to sell".

3.

On November 1, 2017, GoDaddy.com sent the John Doe Defendants notice of its receipt of a subpoena (but not a copy) and the following warning: "If you intend to file an objection with the court, please let us know within 3 business days of receiving this notice. If we do not receive an objection notice indicating that you have filed or will file an objection within 3 business days, we will proceed with compiling and producing the documents requested by the subpoena - which may result in us disclosing some of your personally identifiable information."

4.

GoDaddy.com finally provided to the John Doe Defendants on November 2, 2017 a copy of what it represented to be the subpoena it received. Undersigned counsel received that copy today, November 3.

5.

Without limiting its rights and arguments to follow, Defendants have legitimate grounds to quash Plaintiff's subpoena, including because (i) the subpoena is defective, (ii) the subpoena provided inadequate and unreasonable time for compliance, (iii) the Complaint on which it is based does not state a cause of action upon which relief can be granted, and (iv) the First Amendment protects the anonymity of the John Doe Defendants and against GoDaddy being required to reveal their identifies absent some legitimate, demonstrated reason.

6.

The subpoena is defective. FRCP 45(c)(2) authorizes a subpoena to demand production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person. GoDaddy.com is

located in Scottsdale, AZ, as its website page disclosing its subpoena policy confirms. That policy can be viewed at the following link, **and a copy is attached for the Court's convenience**.

https://www.godaddy.com/agreements/showdoc.aspx?pageid=CIVIL_SUBPOENA

7.

The subpoena calls for production of documents in Peachtree City, GA, well beyond 100 miles from GoDaddy.com in Scottsdale. Because the place of production is designated in violation of FRCP 45(c)(2). Plaintiff's inclusion of an email address does not cure that defect.

8.

The subpoena also provided an inadequate and unreasonable time to respond. It was issued on October 20, 2017, after business hours, specifying a return date on October 26, 2017, just three business days later. Plaintiff has not demonstrated any specific need for GoDaddy's urgent response to his subpoena. In any case, any possible urgency is belied by Plaintiff's own nine day delay in issuing the subpoena (October 20) to GoDaddy after instituting the Complaint (October 11, 2017). Furthermore, the subpoena copy confirms that GoDaddy only began processing it on October 23, 2017, having received it via fax after its business hours. The subpoena copy bears a fax banner reciting a transmission time of 18:57:17 2017 MDT (which is 6:57 PM Mountain Daylight Time, which also is 5:57 PM Pacific Time in GoDaddy's own time zone). The subpoena also bears in its upper right hand corner the handwritten note "Revd' 23 Oct 2017." At this time, Defendants only have in their possession pages "1 of 4" and "3 of 4" of the subpoena at issue.

9.

In response to John Doe Defendants' request to GoDaddy on November 2, 2017 for additional time to respond to the subpoena, GoDaddy that day responded "Please send a copy of the filed motion to quash or objection by 4pm (PST) Tuesday 7 November 2017." Accordingly,

GoDaddy refuses to confirm to John Doe Defendants that it will stand down and hold off responding to Plaintiff's subpoena.

10.

GoDaddy's own civil subpoena policy "prohibits the release of customer or account information without express permission from the customer, except when required by law, to conform to the edicts of the law, or to comply with legal process properly served on GoDaddy or one of its affiliates."

https://www.godaddy.com/agreements/showdoc.aspx?pageid=CIVIL_SUBPOENA

Plainitiff's subpoena – defective for numerous reasons and thus invalid – does not require GoDaddy to release the information sought, and GoDaddy cannot waive those defects without violating its own privacy policy and confidentiality obligations owed to the John Doe Defendants.

11.

Indeed, GoDaddy is well aware of its client registrants' desire for privacy and sells and profits handsomely from the registration information privacy service sold by its affiliate DomainsByProxy, Inc. The Domain Name is protected by this privacy service– for an additional charge beyond the charge for registering the Domain Name itself. Information about this GoDaddy privacy service is freely available here: https://www.godaddy.com/domainaddon/private-registration.aspx and a copy is attached for the Court's convenience. The fact that GoDaddy now has a hair trigger for releasing John Doe Defendants' information certainly is disappointing, but also inconsistent with its own stated policies and obligations undertaken to John Doe Defendants.

12.

To avoid having to engage the Court for the extension relief sought herein, John Doe Defendants also asked Plaintiff's counsel on November 2, 2017 for an extension of time. Counsel refused the request. John Doe Defendants believe that Plaintiff's refusal to grant a reasonable

extension is based primarily on a desire to retaliate against the John Doe Defendants for their registration of the Domain Name, and intended unreasonably to cause John Doe Defendants to incur expense and inconvenience in preparing this extension request, and not grounded in any legitimate need for GoDaddy's urgent response.

13.

Furthermore, FRCP 45(a)(4) provides: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Though Plaintiff obviously could not serve an unidentified defendant, it could have and should have filed the subpoena with the Court for public access to it. Plaintiff failed to do so (and also failed to file his proof of service of the subpoena as provided by FRCP 45(b)(4)).

14.

Principles of due process dictate that Defendants enjoy a fair opportunity to be heard. Counsel needs a reasonable time to present this Court with legal arguments as to why the subpoena should be quashed. Plaintiff has no compelling, or even legitimate, basis to argue otherwise. John Doe Defendants intend to brief these points and others more fully in their Motion to Quash. The foregoing motion is not intended to waive that right or opportunity, but rather to explain to the Court why more time to prepare that motion is warranted in this instance.

WHEREFORE, Defendants respectfully request (A) a minimum ten (10) day extension of time to file a Motion to Quash the subpoena served upon GoDaddy in the instant case, and (B) reimbursement of their legal fees and expenses to prepare and file this motion unless Plaintiff can demonstrate a reasonable basis for having refused the extension request.

Respectfully submitted this 3rd day of November, 2017.

/s/ *G. Keith Lewis, Esq.*
_____
G. Keith Lewis, GA State Bar No. 275211
Attorney for Defendants
SLEPIAN, SCHWARTZ, & LANDGAARD, LLC
42 Eastbrook Bend
Peachtree City, GA 30269
Tel. (770)486-1220
Fax. (770) 631-2340
KeithLewis@SlepianFirm.com