IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| Dar Thompson, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File |
| | ) No. 3:17-CV-00146-TCB |
| John Does 1-5, | ) |
| | ) |
|    Defendants. | ) |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff Dar Thompson respectfully moves the Court under Local Rule 7.1C to strike (or otherwise disregard) Defendants' reply brief in support of their Motion for Sanctions (Dkt. 46) as untimely filed.

On February 8, 2019, Defendants filed a Motion for Sanctions pursuant to 28 U.S.C. § 1927. On February 21, 2019, Plaintiff timely filed and served a response to Defendants' motion. Defendants' reply therefore was due 14 days later on March 7, 2019, pursuant to the Local Rules. *See* LR 7.1C, NDGa. ("When the movant deems it necessary to file a reply brief, the reply must be served not later than fourteen (14) days after service of the responsive pleading."). Defendants instead filed their reply

1

on March 8, 2019 (Dkt. 46), as the latest installment in what has become a pattern of disregarding the Local Rules and this Court's orders.

That pattern of Defendants unilaterally excusing themselves from the obligations imposed on all other litigants first became apparent in Defendants' response to this Court's November 1, 2018, order that allowing Thompson's Second Amended Complaint would not (as Defendants argued) be futile because that pleading adequately states a cause of action under the Anticybersquatting Consumer Protection Act. Defendants timely moved for reconsideration of that order, but their moving papers failed to address the "legal standard relevant to such motions" (Dkt. 35 at 4); likewise, although the same motion sought certification for an expedited appeal, it neglected even to mention to relevant statute, much less demonstrate why this case might satisfy the statute's stringent requirements. Having taken two unsuccessful bites at the same apple, Defendants since have acted as if this Court's November 1, 2018, order does not exist by attempting to reopen the issue of the sufficiency of Thompson's ACPA action by moving to dismiss the Second Amended Complaint

and, additionally, by opting out of this Court's requirement that Defendants serve a "*pleading*" responsive to that Complaint.

Most recently, Defendants have neither requested leave to file an untimely reply brief nor proffered any reason that would excuse their inability to file a timely one. Thus, this Court should strike Defendants' reply brief.

Even without consideration of Defendants' previously demonstrated loose grasp on the Local Rules, it is within this Court's discretion to strike Defendants' reply brief. Indeed, the Eleventh Circuit has held it appropriate to strike a brief filed one day late without explanation. *See Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) ("The district court did not abuse its discretion when it initially struck Defendants' motion for summary judgment as untimely. Defendants' motion for summary judgment was *one day late* … Because Defendants' motion for summary judgment was filed late without any explanation, the district court's initial decision to strike that motion was not an abuse of its discretion." (emphasis added)); *see also United States v. Locke*, 471 U.S. 84, 100–01 (1985) ("The notion that a filing deadline can be complied with by

filing sometime after the deadline falls due is, to say the least, a surprising notion, and it is a notion without limiting principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the other side of it.").

Defendants' abusive motion practice and unexplained delay continue to hinder this case from rightfully progressing to discovery. As Defendants should not benefit from their own time mismanagement, Plaintiff respectfully asks the Court to strike Defendants' reply brief in support of their Motion for Sanctions (Dkt. 46).

                                                        Respectfully submitted,

                                                        /s/ Theodore H. Davis Jr.

Kilpatrick Townsend & Stockton LLP  Theodore H. Davis Jr.
1100 Peachtree Street, Suite 2800      Ga. Bar No. 212913
Atlanta, GA 30309-4528                  Bethany Nelson
404-815-6500 (tel.)                         Ga. Bar No. 748279

Attorneys for Plaintiff Dar Thompson

## LOCAL RULE 7.1(D) CERTIFICATION

Counsel for the Plaintiff certifies this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

/s/ Theodore H. Davis Jr.

Theodore H. Davis Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| Dar Thompson,<br><br>    Plaintiff,<br><br>v.<br><br>John Does 1-5,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) Civil Action File<br>) No. 3:17-CV-00146-TCB<br>)<br>)<br>) |

## **CERTIFICATE OF SERVICE**

I certify I have this day served the attached paper through the Court's CM/ECF filing system upon the following:

    Kelly O. Wallace, Esq.

    Samuel Alexander Mullman, Esq.

Dated: March 14, 2019                        /s/ Theodore H. Davis Jr.
                                                   Theodore H. Davis Jr.